Keith L. Erwin and Bernard Magwood,  ) C/A No. 2:10-1948-CWH-RSC
)
)
              Plaintiffs,            )
)
vs.                                  ) **Report and Recommendation**
)
Byrd's Bail Bonding; and             )
Beverly Byrd,                        )
)
)
              Defendants.            )

## Background of this Case

This is a civil action purportedly brought by two *pro se* plaintiffs, who reside in North Charleston, South Carolina, at the same apartment. The two defendants in this case are a bail bonding company and its owner-operator. The pleadings are signed only by plaintiff Erwin.

The two plaintiffs originally entered into bail bond agreements with the defendants. It was discovered later, however, that plaintiff Erwin had a "hold" from Milwaukee, Wisconsin. Plaintiff Erwin also alleges that someone purporting to be his (plaintiff Erwin's) mother telephoned the defendants to apprise them that the two plaintiffs intended to "run and move back to Chicago." As a result, the bail bonding company successfully moved

1

to be released from the bonds for the plaintiffs, who are defendants in state court. Plaintiff Erwin also appears to be alleging that monies personally paid to the bonding company by the two plaintiffs have not yet been returned to them.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2

plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174

F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The two defendants are subject to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[3]

It is well-settled that bail bonding companies and bail bondsmen do not act under color of state law. *See Johnson v. Third Judicial Circuit of South Carolina, et al.*, Civil Action No. 4:10-0887-JFA-TER, 2010 U.S. Dist. LEXIS 58185, 2010 WL 2429715, *1 (D.S.C., June 10, 2010) ("The two bail bondsmen named as defendants have not acted under color of state law, a prerequisite for a

---

[3]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

§ 1983 claim"), which adopted an earlier Report and Recommendation reported at 2010 U.S. Dist. LEXIS 58184, 2010 WL 24291717 (D.S.C., April 28, 2010); *Stewart v. Brooks*, No. 8:09-CV-2001-T-30TGW, 2009 U.S. Dist. LEXIS 99872, 2009 WL 3256437, *2 (M.D. Fla., Oct. 7, 2009) ("Generally, bounty hunters and bail bondsmen are not state actors for purposes of § 1983."); *Peet v. Doe*, No. 4:09CV1599 HEA, 2009 U.S. Dist. LEXIS 92907, 2009 WL 3242139 (E.D. Mo., Oct. 5, 2009); and *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1260-61 (M.D. Fla. 2004) (collecting cases).

A state law cause of action, such as breach of contract, would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), affirmed, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 U.S.App. LEXIS 30080, 1993 WL 478836 (4th Cir., Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any

6

party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

Complete diversity of parties is absent in this case because two plaintiffs and the two defendants are citizens of South Carolina. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).[4] Moreover, the jurisdictional amount under the diversity statute is clearly not met because the prayer for relief seeks $5,900 plus interest after July 21, 2010. *See Miller v. Lifestyles Senior Housing Managers*, 2005 WL 1397401, *1 [no LEXIS citation available] (E.D. Cal., June 13, 2005) ("Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of more than $75,000."); and *Jennings v. University of North Carolina at Chapel Hill*, 240 F.Supp.2d 492, 497 (M.D.N.C. 2002). *See also McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 390-95 & nn. 2-7 (7th Cir. 1979) (collecting cases); *Cowan v. Windeyer*, 795 F. Supp. 535, 536-37 (N.D.N.Y. 1992); *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282-83 & nn. 3-4 (S.D. Ala. 1989); *Woodmen of World Life Insurance Society v. Great Atlantic & Pacific Tea*

---

[4]New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted. Those provisions are not applicable in the case *sub judice*.

*Co.*, 561 F. Supp. 640, 641-42 (N.D. Ill. 1982); and *Carr v. Mid-South Oxygen, Inc.*, 543 F. Supp. 299, 300 (N.D. Miss. 1982).[5]

Since there is no basis for federal question or diversity jurisdiction in this case, this federal court lacks subject matter jurisdiction over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Plaintiff Erwin is the only plaintiff who signed the pleadings. Plaintiff Erwin may not bring suit on behalf of Bernard Magwood. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401

---

[5] In light of decision of the Supreme Court of South Carolina in *State v. Lara*, 386 S.C. 104, 687 S.E.2d 26 (2009) (failure of surety to surrender defendant within thirty days of issuance of bench warrant resulted in forfeiture of bond), the decision not to continue to provide surety bonds to the two plaintiffs is understandable. *See also State v. Cochran*, 358 S.C. 24, 27, 594 S.E.2d 844, 845 (2004) ("[t]he State's right to estreatment is governed by contract" and a "surety" is "one who, with the defendant, is liable for the amount of the bail bond upon forfeiture of bail").

8

F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing). *Cf. Inmates v. Sheriff Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* litigant cannot be an advocate for others in a class action).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiffs' attention is directed to the important Notice on the next page.

August 5, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Each plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).