IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith L. Erwin and Bernard Magwood, ) | |
| ) | |
| Plaintiffs, ) | C.A. No.: 2:10-1948-RMG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Byrd's Bail Bonding and Beverly Byrd, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the recommendation of Magistrate Judge Carr that the above-captioned case be dismissed without prejudice and without issuance and service of process. Because Plaintiffs Keith L. Erwin and Bernard Magwood ("Plaintiffs") are proceeding pro se, this matter was referred to the Magistrate Judge.[1]

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears Congress did not intend for the district court to review the factual and legal conclusions of the Magistrate Judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Magistrate Judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

---

[1] See 28 U.S.C. § 636(b); Local Rule 73.02(B)(2)(e).

court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1985).[2] No objections have been filed to the Magistrate Judge's Report and Recommendation.

A review of the record indicates that the Magistrate Judge's report accurately summarizes the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is adopted as the Order of this Court. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the instant action be **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**September 2, 2010**

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a *pro se* litigant must receive fair notification of the consequences of failure to object to a magistrate's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Wright, 766 F.2d at 846 (quoting Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C. Cir. 1968)). Plaintiff was advised in a clear manner that his objections had to be filed within fourteen (14) days, and he received notice of the consequences at the appellate level of his failure to object to the Magistrate Judge's report.